SCHOTT, Judge.
Plaintiffs are former members of the Board of Directors of Baton Rouge Production Credit Association (hereinafter sometimes referred to as the Association). Defendant is the Federal Intermediate Credit Bank of New Orleans.[1]
Federal Intermediate Credit Banks and Production Credit Associations are components of the Farm Credit System established by the Farm Credit Act of 1971, 12 U.S.C.A. § 2001 et seq. In the hierarchy of the system each Intermediate Credit Bank operates under the supervision of the Farm Credit Administration, and it may “Delegate to the production credit associations such functions vested in or delegated to the intermediate credit bank as it may determine.” § 2072. Each Production Credit Association is subject to the supervision of the Intermediate Credit Bank for the district. § 2093. The Baton Rouge Association operates in defendant’s district under bylaws approved by the Farm Credit Administration, which bylaws includes the following provisions:
360 Removal
“A director may be removed from the Board at any time ... by the board of directors of the bank for good cause; provided, however, that the director to be removed shall be given such amount of time to present his views on the removal as may be determined by the board.”
430 Removal
“The chairman, vice-chairman, and chief executive officer, may be. removed as officers at any time by a majority vote of the higher membership of the board of directors of the association, or by the bank.”
Plaintiffs have appealed from a dismissal of their suit to compel defendant to reinstate them as directors of the Association and to restrain defendant permanently from removing plaintiffs from office. The jurisdiction of the State Courts over this dispute is based upon 12 U.S.C.A. § 2258.
Defendant had resolved pursuant to Association’s bylaw 430 to remove Gerald Phares from office as the Association’s president. When plaintiffs were informed *450 of this decision they complied by accepting a resignation from Phares on August 22, 1974. However, on September 18 plaintiffs reinstated Phares to his office whereupon he was removed by defendant. On October 10 defendant served notice on plaintiffs, charging them among- other things with failure to allow defendant to supervise them in the exercise of the functions delegated to them, notifying them that they might present written response to the charges by October 18, and directing them to appear at a meeting on October 25 to present any further views they might have on said charges. Plaintiffs were further advised that after said responses and views were received by defendant a determination would be made as to whether all or any of the plaintiffs should be removed from office.
In a written response to this notice plaintiffs denied that they had failed to allow defendant to supervise them and accused defendant of “unreasonable interference” particularly with regard to the removal of Phares from the presidency of the Association. They characterized the conduct of defendant’s president regarding Phares’ removal as “unwarranted interference” with their authority.
On October 25 defendant’s board, after meeting with and hearing from plaintiffs, removed them from office as directors of the Association.
In this Court plaintiffs contend that, 1) they were not removed from office for “good cause” as required by bylaw 260, 2) they were not given “fair hearing” before their removal, and 3) they were prejudiced by a number of rulings on objections during the trial by the trial judge.
1. It is clear from the statutory grant of supervisory power to defendant and the provisions of the bylaws with regard to the removal of Phares as president of the Association that plaintiffs’ action in reinstating Phares after agreeing to accept his resignation was insubordination constituting “good cause” for plaintiffs’ removal.
2. Bylaw 260 requires only that each plaintiff had to “be given such amount of time to present his views on the removal as may be determined by the board.” Plaintiffs were given and did exercise the right to present their views in writing and orally at a meeting with defendant’s board. We do not find any support in the statutes or bylaws for plaintiffs’ contention that they were entitled to such rights as those of confrontation or sworn testimony or cross examination by witnesses, representation by counsel, or transcription of proceedings at a pre-re-moval hearing.[2]
3. Finally, the eighteen evidentia-ry rulings complained of are isolated from a voluminous transcript of a three day trial. No good purpose will be served here by discussing each of these rulings in detail. We agree with the trial judge that the questions objected to called for irrelevant or repetitious testimony having no probative value on the issue of whether defendant complied with the statutes and bylaws in removing plaintiffs from office.
Accordingly, the judgment appealed from is affirmed at plaintiffs’ cost.
Affirmed.

. The title of the case suggests that the individual members of the Board of Directors of the Bank were defendants, but the bank itself was the only actual defendant in the case.

. Plaintiffs have never alleged or asserted that the statutes or bylaws deprived them of procedural due process in violation of the Constitution of the United States.